USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

Flanigan
v
Vulcan Power GP

09 Civ 8473 (LAP)

Pursuant to the Court's order of August 26, 2019 (attached), an arrest warrant was issued for Ford Graham and Katherine Graham. That warrant was executed this morning, and the Grahams are remanded to the custody of the Bureau of Prisons until they comply fully with the Court's prior orders.

November 21, 2019     So ordered

Loretta A. Preska

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
SUSAN FLANNIGAN,

             Plaintiff,

                                        09-CV-8473 (LAP)

     v.

                                        ORDER

VULCAN POWER GROUP, LLC, AJAX
CAPITAL, LLC, FORD F. GRAHAM, KEVIN C.    **DELAYED DOCKETING**
DAVIS, and VULCAN CAPITAL, LLC,

            Defendants.
------------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Plaintiff/Judgment-Creditor Susan Flannigan's ("Plaintiff") Application for Order Compelling Compliance with Subpoena and Response to Letters Dated August 8, 2019 and August 9, 2019 ("Pl. Response"), dated Aug. 15, 2019 [dkt. no. 288], at 6, requesting that the Court issue arrest warrants against Defendant/Judgment-Debtor Ford F. Graham ("Defendant") and non-party Katherine B. Graham ("Mrs. Graham") to compel their compliance with the Court's orders.

    Courts have the inherent power to impose civil contempt sanctions to enforce compliance with their lawful orders. <u>Ginter Logistics Serv. Co. v. ACH Freight Forwarding, Inc.</u>, No. 07 Civ 8677(LAP), 2010 WL 4455402, at *1 (S.D.N.Y. Oct. 21, 2010) (citing <u>Shillitani v. United States</u>, 384 U.S. 364, 370 (1966)). A court may exercise this power when "1) the order is clear and unambiguous; 2) proof of noncompliance is clear and

1

convincing; and 3) the party has not been reasonably diligent and energetic in attempting to comply with the order." SEC v. Musella, 818 F. Supp. 600, 601-02 (S.D.N.Y. 1993).

In its July 2019 Order, the Court found all three factors that must exist in order for the Court to impose civil sanctions on both Defendant and Mrs. Graham have been met here. (See, e.g., Memorandum & Order ("July 2019 Order"), dated July 3, 2019 [dkt. no. 281], at 40-41.)

"If a party is adjudged to be in civil contempt, the court must determine what sanctions are necessary to secure future compliance with its order and to compensate the complaining party for past noncompliance." Musalli Factory for Gold & Jewelry Co. v. New York Fin. LLC, No. 06 Civ. 82 (AKH), 2010 WL 2382415, at *3 (S.D.N.Y. June 14, 2010) A court has "broad discretion to design a remedy that will bring about compliance" with its orders. Id. (citation omitted). Courts in this district have held:

> When imposing a coercive sanction, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden. Arrest is an appropriate coercive sanction for civil contempt, so long as its purpose is not punitive but is instead to compel the contemnor to perform the required act.

Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, 97 Civ. 4759(SHS), 2006 U.S. Dist. LEXIS 39256, at *8, 2006 WL 1643202 (S.D.N.Y. June 13, 2006) (citations omitted).

Here, the Court finds that arrest is an appropriate coercive sanction for Defendant and Mrs. Graham's contempt and it will compel their compliance with the Court's orders. First, the magnitude of the harm is evident; Plaintiff still cannot collect the multi-million-dollar judgment (the "Judgment") rendered in her favor in 2014 because Defendant and Mrs. Graham have not yet responded to the Court's orders. (See July 2019 Order at 1 (citing Amended Judgment, dated Jan. 7, 2016 [dkt. no. 198]).) Second, Defendant and Mrs. Graham may finally take notice of the Court's numerous orders if such a sanction is imposed. Third, Defendant and Mrs. Graham have not described their financial resources and have not upheld their burden to show their inability to pay the Judgment.

The Court also notes that prior, less onerous measures have been unsuccessful in compelling compliance. For example, in its July 2019 Order, the Court ordered Defendant to pay Plaintiff $4,167 each month until the Judgment was fully discharged. (July 2019 Order at 40.) The Court also ordered Defendant and Mrs. Graham to pay Plaintiff the costs and fees incurred in Plaintiff's bringing and opposing various motions, including

3

Plaintiff's Request for Order of Contempt or Other Sanctions, dated May 17, 2019 [dkt. no. 280]. (Id. at 40-41.)

"Federal Rule of Civil Procedure 4.1 requires that orders of civil commitment of a person held in contempt of an order entered in a diversity case must be served in the state in which the court issuing the order is located or within 100 miles of that Court." Spectacular Venture, L.P. v. World Star Int'l, Inc., No. 94 Civ. 8917 (JGK), 1998 WL 401535, at *3 (S.D.N.Y. July 17, 1998). "Because the underlying litigation in this case was heard in the Southern District of New York pursuant to the Court's diversity jurisdiction, any order of civil commitment of [Defendant and Mrs. Graham] must be served in the State of New York or within 100 miles of the Southern District of New York." Id.

As Defendant and Mrs. Graham have continued to fail to comply with this Court's orders to inform the Court of their current address, (see, e.g., July 2019 Order at 37-39), their current whereabouts remain unknown, (see Pl. Response at 5). Accordingly, pursuant to Federal Rule of Civil Procedure 4.1, should the U.S. Marshal for the Southern District of New York locate Defendant and Mrs. Graham, the U.S. Marshal shall take all necessary measures to effect service and enforcement of this Order upon Defendant and Mrs. Graham within either (i) the state

of New York; or (ii) 100 miles from the United States Courthouse for the Southern District of New York at 500 Pearl Street, New York, N.Y. 10007.

It is further ordered that the U.S. Marshals Service, if called upon to execute the terms of the Order, will be permitted to use the minimum degree of non-deadly force necessary to arrest and detain Defendant and Mrs. Graham and shall be permitted to enter forcibly into the premises of Defendant and Mrs. Graham if they are reasonably believed to be inside and if requested access to such premises is withheld.

In order to minimize the chances that Defendant and Mrs. Graham will continue to evade service, docketing of this Order shall be delayed until the arrests are effected. A copy of this Order shall be provided to the Marshal.

SO ORDERED.

Dated: New York, New York
August 26, 2019

*Loretta A. Preska*
LORETTA A. PRESKA
Senior United States District Judge