```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------x
SUSAN FLANNIGAN,                      :
                                      :  09 Civ. 8473 (LAP)
                Plaintiff             :
                                      :
     -against-                        :
                                      :  ORDER
                                      :
VULCAN POWER GROUP LLC et al.,        :
                                      :
                Defendants.           :
--------------------------------------x
```

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is David M. Taus and Christopher Olsen's Motion to be Relieved as Counsel for Defendants Vulcan Power Group, LLC; Ajax Capital, LLC; Ford F. Graham; Kevin C. Davis; and Vulcan Capital, LLC. (Dkt. nos. 354, 358, and 359.) Plaintiff Susan Flannigan (dkt. no. 356)[1] and Defendant Ford F. Graham (dkt. nos. 357, 360, and 361) oppose the motion. For the reasons below, Defense Counsel's motion to be relieved as counsel is DENIED.

---

[1] Defense Counsel object to Plaintiff's opposition to their motion, writing that only the represented party can appropriately oppose the motion. (See dkt. no. 358 at 2.) That is not the law in this Circuit. (See, e.g., Sang Lan v. AOL Time Warner, Inc., No. 11 Civ. 2870, 2011 WL 5170311, at *3 (S.D.N.Y. Oct. 31, 2011) (noting that the opposing party did not object to the motion); Franco v. American Airlines, Inc., No. 21-CV-5918, 2022 WL 16851559, at *1 (S.D.N.Y. Oct. 26, 2022) (noting the opposing party responded to the motion).

1

I. **Background**

The Plaintiff-Judgement Creditor, Susan Flannigan, has obtained several judgements against the Defendants, which remain unpaid. (See Flannigan v. Vulcan Capital Management, Inc., et al., 05 Civ. 7404, dkt. no. 102; Flannigan v. Vulcan Power Group, L.L.C. et al., 09 Civ. 8473, dkt. no. 198.) On November 26, 2019, David M. Taus of Schwartz, Hanna, Olsen, & Taus, P.C. filed a notice of appearance on behalf of the Defendants. (Dkt. no. 303.) On January 17, 2020, Christopher Olsen of the same firm was admitted pro hac vice to join in representing the Defendants. (Dkt. no. 327.) Messrs. Taus and Olsen now move to withdraw as counsel for the Defendants.

Mr. Taus gives several reasons why he and Mr. Olsen should be allowed to withdraw. First, in addition to representing the Defendants in this case, Mr. Taus and his firm were also retained as Mr. Graham's counsel in a separate bankruptcy proceeding. (See dkt. no. 354 ¶ 3.) In the bankruptcy action, Mr. Graham filed a certification alleging that Mr. Taus and his firm failed to represent Mr. Graham adequately in the bankruptcy proceedings. (See dkt. no. 357-1 ¶¶ 44-51.) Mr. Taus asserts that Mr. Graham's certification "cast [Mr. Taus's] firm in a negative light that included the potential for present and future conflict between attorney and client" and created an "adversarial position" between the firm and Mr. Graham. (Dkt.

2

no. 354 ¶ 3.) Separately, Defense Counsel assert that Mr. Graham has not paid $15,000 in legal fees that have accrued over the past year. (Id. ¶ 6.)

Mr. Olsen's letters add color to Mr. Taus's declaration. Mr. Olsen writes that Mr. Graham has failed to cooperate or respond to Defense Counsel in a meaningful and non-abusive way for several months, resulting in a "breakdown in the relationship." (Dkt. no. 358 at 2 and dkt. no. 359 at 1.) Mr. Olsen describes communications from Mr. Graham and attorneys from another firm that "consisted only of attacks, threats, and demands to place [Defense Counsel's] malpractice carrier on notice of Mr. Graham's alleged legal malpractice claim." (Dkt. no. 359 at 2.) Mr. Olsen asserts that Mr. Graham fired Defense Counsel and hired this other firm to assume Defendants' representation. (Dkt. no. 358 at 2.)

For his part, Mr. Graham opposes Defense Counsel's motion to withdraw. Mr. Graham writes that he has not brought a malpractice claim against Defense Counsel and any purported conflict is limited to Mr. Taus, not Mr. Olsen. (See dkt. no. 357 ¶ 4). Mr. Graham also contests Mr. Olsen's description of the relationship and Mr. Graham's interactions with Defense Counsel. (Dkt. no. 360 ¶¶ 2-6.) Mr. Graham writes that he did retain alternative counsel for his bankruptcy proceeding but that he did not terminate his relationship with Defense Counsel

3

in this case or retain other counsel to represent him here. (Id. ¶¶ 10-14.)

In response to Defense Counsel's claims regarding his failure to pay legal fees, Mr. Graham argues that though there are some payments outstanding, Mr. Graham believed that he had agreed with Defense Counsel that he was not obligated to pay Defense Counsel until they worked out a dispute over whether the bills included work performed by Mr. Taus in connection with the bankruptcy proceedings. (Dkt. no. 357 ¶ 5.) Mr. Graham objects to paying Mr. Taus's fees for his work on the bankruptcy proceedings due to his perception that Mr. Taus's work was of poor quality. (Id.) Mr. Graham suggests that he may owe Defense Counsel less than the $15,000 they assert they are due. (Id.) In addition, Mr. Graham submitted an itemized list of payments made to Defense Counsel totaling $161,000. (Dkt. no. 361-1.) While this list does not directly contradict Defense Counsel's contentions regarding the outstanding payments (the last payment recorded in Mr. Graham's list is from over a year ago, on February 12, 2022 (id.)), Mr. Graham does write that Defense Counsel have exaggerated the financial hardship they face due to his failure to pay the outstanding fees, (dkt. no. 357 ¶ 5).

II. **Legal Standard**

In the Southern District of New York, a motion to withdraw is governed by Local Rule 1.4. Local Rule 1.4 says the Court may

4

only grant a motion for withdrawal "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." Id. In other words, "[w]hen considering whether to grant a motion to be relieved as counsel, district courts analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Allstate Ins. Co. v. Spina, No. 20-CV-1959, 2020 WL 7753266, at *1 (S.D.N.Y. July 27, 2020) (quotation marks and citation omitted). Regarding the timing element, courts consider "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320 (2d Cir. 1999) (cleaned up). "'Considerations of judicial economy weigh heavily' in a court's analysis." Spina, 2020 WL 7753266, at *1 (quoting Whiting, 187 F.3d at 320).

Regarding the reasons for withdrawal, New York's Rules of Professional Conduct, N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0 (hereinafter, the "NYRPC"),[2] "provide guidance to courts in determining what constitutes 'good cause' for granting a motion to withdraw as counsel." In re Wiener, No. 18-13042, 2019 WL 2575012, at *3 (Bankr. S.D.N.Y. June 21, 2019). NYRCP Rule

---

[2] The NYRCP "governs the conduct of attorneys in federal courts sitting in New York as well as in New York state courts." See SEC v. Gibraltar Global Securities, No. 13 Civ. 2575, 2015 WL 2258173, at *2 (S.D.N.Y. May 8, 2015).

1.16 "differentiate[s] between mandatory (see NYRPC rule 1.16(b)) and permissive (see NYRPC rule 1.16(c)) bases for withdrawal." Guichard v. Manne, No. 18-CV-4083, 2022 WL 2612347, at *1 (E.D.N.Y. June 1, 2022). Defense Counsel base their motion on two permissive bases. (Dkt. no. 354 ¶ 5.) NYRCP 1.16(b)(4) says a lawyer may withdraw when "the client insists upon taking action with which the lawyer has a fundamental disagreement." NYRCP 1.16(b)(5) says a lawyer may withdraw when "the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."

Courts have allowed withdrawal based on "a client's lack of cooperation—including lack of communication—with counsel, and the existence of an irreconcilable conflict between attorney and client." Ruiz v. Keratin Bar Inc., No. 17-CV-2216, 2020 WL 7079904, at *2 (S.D.N.Y. Dec. 3, 2020) (quotation marks and citation omitted). Additionally, "a lawyer may seek to withdraw when the client 'renders it unreasonably difficult for the lawyer to carry out [such] employment effectively." Id. (quotation marks and citation omitted). "[M]ere [n]onpayment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." Stair v. Calhoun, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quotation marks and citations omitted). Ultimately, "[w]hether to grant or deny a motion to withdraw as counsel falls to the sound

6

discretion of the trial court." Id. (quotation marks and citations omitted).

### III. Discussion

#### A. Factors Weighing Against Withdrawal

The factor weighing most heavily against Defense Counsel's motion to withdraw is the second prong of the Local Rule 1.4 analysis: the impact of the withdrawal on the timing of the case. It has been many years since Plaintiff obtained her judgments against the Defendants. If the Court were to grant Defense Counsel's motion to withdraw, it would undoubtedly result in a significant delay to the proceedings as everything would have to be held in abeyance until Mr. Graham was able to retain substitute counsel, at least for the corporate defendants which cannot proceed pro se. Even then, new counsel would need time to familiarize themselves with the case. Given the length of time that the case has gone on and the voluminous nature of the docket, the amount of time required to get any substitute counsel up to speed would be disruptive to the proceedings.

The second factor weighing against Defense Counsel's motion concerns the ethics of legal representation. The New York Code of Professional Responsibility directs attorneys who agree to represent a client to "complete the work involved." U.S. v. Stein, 488 F. Supp. 2d 370, 373 (S.D.N.Y. 2007) (citing N.Y. Code Prof. Resp. E.C. 2-31). Further, as the Court recognized in

7

Stein, attorneys have obligations to the Court as well as their clients, so much so that courts have the power to appoint attorneys to represent those in need over the attorney's objection and without fee. Id. at 374. In this case, where Defense Counsel voluntarily undertook to represent the Defendants, the Court's interest in Defense Counsel's "completing the work involved" is "heightened." Id.

### B. **Factors Weighing For Withdrawal**

The other prong of the Local Rule 1.4 analysis concerns the reasons for Defense Counsel's motion to withdraw. Mr. Taus asserts in his declaration that the language used in Mr. Graham's certification to the bankruptcy court is sufficient to find a conflict that would justify Defense Counsel's withdrawal. Mr. Olsen adds that Mr. Graham has retained other attorneys who have threatened Defense Counsel with a malpractice claim related to Mr. Taus's representation of Mr. Graham in the bankruptcy proceedings. Mr. Olsen further asserts a failure on Mr. Graham's part to communicate and cooperate in his defense.

Such allegations are normally satisfactory reasons for withdrawal and weigh in favor of Defense Counsel's motion. However, in this case, Defense Counsel's allegations are mitigated by Mr. Graham's opposition. Mr. Graham writes that his relationship with Mr. Olsen has not deteriorated and that he is willing to cooperate with Mr. Olsen on his defense. Based on

8

Mr. Graham's representations, the Court finds these reasons insufficient to justify Defense Counsel's withdrawal.

Second, Mr. Taus alleges Mr. Graham owes substantial amounts in unpaid legal fees. Mr. Olsen's claim that Mr. Graham has only paid his firm a total of $42,231.00 (dkt. no. 359 at 2) is once again mitigated by Mr. Graham's opposition, including his submission of a record reflecting payments made to several iterations of Defense Counsel's firm totaling $161,000.00, (dkt. no. 361-1). While Mr. Graham admits that he has yet to pay some amount of legal fees, the record before the Court does not show non-payment of legal fees in sufficient amount or duration to justify granting Defense Counsel's withdrawal.

Moreover, Defense Counsel were aware that neither Mr. Graham nor his companies may have the means to pay their legal fees in a timely manner. Mr. Taus was the attorney of record for Mr. Graham's bankruptcy proceedings and represented that Mr. Graham had nearly $23 million dollars in debt and less than $4,000 in assets. Defense Counsel were cognizant of the risks of agreeing to represent Mr. Graham, and that is a factor weighing against Defense Counsel's motion. See Stein, 488 F. Supp. 2d at 374. In conclusion, the Court finds that Defense Counsel have not provided satisfactory reasons for their withdrawal.

## IV. Conclusion

For the above reasons, Defense Counsel's motion to withdraw as counsel is DENIED without prejudice to re-filing should the facts change.

The Clerk of the Court shall close the open motions. (Dkt. nos. 354 and 357.)

**SO ORDERED.**

Dated:   New York, New York
         April 18, 2023

_____
LORETTA A. PRESKA
Senior United States District Judge